# EXHIBIT 6

```
                                              FILED
                                           BILLINGS DIV.

                                         2004 JAN 13 AM 8 55      (99)

                                         PATRICK E. DUFFY, CLERK
                                         BY _____
        IN THE UNITED STATES DISTRICT COURT
                                              DEPUTY CLERK
           FOR THE DISTRICT OF MONTANA

                  BILLINGS DIVISION
```

WESTERN ORGANIZATION OF RESOURCE )
COUNCILS et al., )
  )
             Plaintiffs, ) Cause No. CV 03-70-BLG-RWA
  )
  )
vs. ) **ORDER**
  )
KATHLEEN CLARK et al., )
  )
             Defendants, )
  )
      and )
  )
WESTERN GAS RESOURCES, INC. )
et al., )
  )
             Intervenor Defendants. )

Pending before the Court are motions to partially dismiss or to transfer parts of the above-captioned case to the District of Wyoming filed by the federal defendants, intervenor-defendant the State of Wyoming, and the lessee intervenor defendants. Having considered the briefs of the parties, the materials filed in support thereof and the arguments advanced in open court on December 18, 2003, the undersigned is prepared to rule.[1]

---

[1] Pursuant to 28 U.S.C. § 636(c) and the written consent of the parties, the above-captioned case has been assigned to the United States Magistrate Judge for all proceedings, including trial and entry of judgment, by order entered by District Court Judge Richard F. Cebull on November 24, 2003.

## BACKGROUND

The above-captioned action has its genesis in the controversy over coalbed methane (CBM) development in the Powder River Basin of Wyoming and Montana. In June 2000, the Wyoming Bureau of Land Management (BLM) began an environmental analysis of proposed CBM gas development in the Wyoming part of the Powder River Basin. Later that year, the Montana BLM also decided to analyze the environmental impacts of CBM production in the state of Montana, including the Montana portion of the Powder River Basin. Each agency issued its final environmental impact statement (EIS) in January 2003. On April 30, 2003, BLM signed Records of Decision (RODs) adopting the two final EISs.

Shortly thereafter, plaintiffs filed the above-captioned action alleging that BLM had violated the National Environmental Policy Act (NEPA) by failing to prepare a single environmental impact statement for the Powder River Basin area. They also challenged, on several different grounds, the sufficiency of the EISs and ROD issued by BLM in Montana and Wyoming.

The present motions seek dismissal of those portions of the complaints attacking the Wyoming EISs and ROD on the grounds that Montana is not the proper venue for those challenges. In the alternative, the motions request the Court to transfer the Wyoming

portion of the case to the District of Wyoming.[2]

**DISCUSSION**

The Court need not determine in the first place whether venue is proper in Montana. Whether it is or is not, the Court finds that the interest of justice dictates that those portions of the complaint directly challenging the adequacy and sufficiency of the Wyoming environmental studies and ROD should be heard in Wyoming.

Transfer of civil cases from one federal district court to another is governed by 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Here, there is no question that the claims for judicial review of the Wyoming administrative decisions could have been brought in the District of Wyoming. The only question is whether the interests of convenience and justice militate in favor of transfer.

As far as convenience is concerned, the difference between the Montana and Wyoming courts is slight. These cases will be decided by a review of the administrative record. The record can be compiled and filed in the Montana District Court as easily as the

---

[2]Three other actions concerning CBM development in the Powder River Basin are pending before this Court: *American Lands Alliance v. United States BLM,* Cause No. CV 03-71-BLG-RWA (ALA); *Northern Plains Resource Council v. United States BLM,* Cause No. CV 03-69-BLG-RWA; and *Northern Cheyenne Tribe v. Norton,* Cause No. CV 03-78-BLG-RWA. The latter two cases involve only the Montana ROD and are not the subject of any motions to dismiss or transfer. ALA, on the other hand, is the subject of two similar motions. An opinion on the ALA motions is being entered at the same time as the opinion in this case.

Wyoming District Court. Convenience for witnesses is not a factor in this case, as the likelihood that witnesses will be called to testify is minimal.

After considering all of the factors leaning for and against transfer, Court falls back on the proposition that localized controversies should be decided at home. *Ferens v. John Deere*, 494 U.S. 516, 530 (1990). The Wyoming ROD approves the development of 39,000 new CBM wells in four counties encompassing nearly 8 million acres of federal, state, and private lands in Wyoming. This decision most directly impacts the citizens, environment, and economy of Wyoming. Wyoming has a compelling interest in reviewing the administrative record that led to this decision.

Generally, plaintiffs' choice of forum is given preference in determining transfer motions. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Trout Unlimited v. United States Dept. of Agriculture*, 944 F.Supp. 13, 16 (D.D.C. 1996). However, in this case, Wyoming's interest in the development of CBM in Wyoming greatly outweighs plaintiffs' desire to keep this entire case in Montana, especially where, as here, the substantial part of the decision-making underlying the Wyoming ROD occurred in either Wyoming or Washington, D.C., not in Montana, and some of the plaintiffs are residents of Wyoming. The motions to transfer shall be granted.

The next question is, what claims in the complaint should be sent to Wyoming. The answer: only those that challenge the

adequacy of the Wyoming EISs and ROD. Therefore, the First Cause of Action, which alleges that the government violated NEPA by failing to prepare a single environmental impact statement for the Powder River Basin, will remain with this Court. Those parts of the Second through Fourth Causes of Action that challenge the sufficiency of the Wyoming EISs and ROD shall be severed from this action and transferred to Wyoming. The portions of those causes of action directed to the Montana EISs and ROD shall stay with this Court. The Fifth Cause of Action, which alleges a conflict of interest in the preparation of the Wyoming EIS, shall also severed from this action and transferred to Wyoming.

Prior to concluding, the Court will address plaintiffs' argument that all of the claims should remain in Montana in order to minimize the danger of inconsistent opinions. As to the challenges to the sufficiency of the EISs and ROD, the Court finds that the possibility of inconsistency is not great. This Court will examine the administrative record compiled and reviewed by the Montana BLM. The Wyoming court will review the administrative record put together by the Wyoming authorities. Each of these separate records must be individually evaluated in order to determine whether each decision complies with NEPA. The rulings entered by each court will be based on the administrative record reviewed by that particular court. Although the Montana and Wyoming courts may reach different conclusions, such decisions will not necessarily be inconsistent as they will apply only to adequacy

of the administrative record before each court.

The danger here is not so much of inconsistency as of mootness. Plaintiffs allege that BLM violated NEPA by failing to prepare one EIS for the entire Powder River Basin. That claim is properly before this Court and will be decided by this Court. If the Court should find a NEPA violation through the failure to prepare a single EIS, there may be no need to review the individual administrative records to determine whether they comply with the law. In order to conserve judicial resources, the Court recommends to the District of Wyoming that it stay proceedings on the claims transferred to it pending this Court's determination of plaintiffs' First Cause of Action.[3] This Court will cause immediate notice to be given to the Wyoming District Court upon resolution of that issue.

In accordance with the foregoing, **IT IS ORDERED** that the motions to dismiss filed by defendants and intervenor defendants (docket nos. 35-1, 40-1, and 77-1) are denied. The motions to transfer (docket nos. 35-2, 40-2, and 77-2) are granted. The claims for relief outlined above are hereby transferred to the United States District Court for the District of Wyoming.

The Clerk of Court shall notify counsel of record of the making of this order.

---

[3] Arguably, the issue of whether BLM should have conducted one EIS should be decided prior to the present motions. However, the parties have presented the Court with the venue issues first and such issues must therefore be determined first.

Done and dated this 13th day of January, 2004.

RICHARD W. ANDERSON
UNITED STATES MAGISTRATE JUDGE