# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | | |
|---|---|---|
| WESTERN ORGANIZATION OF RESOURCE COUNCILS, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:20-cv-00076-BMM-JTJ |
| v. | ) ) ) | |
| U.S. BUREAU OF LAND MANAGEMENT, | ) ) ) ) | |
| Defendant, and | ) ) | |
| STATE OF WYOMING, | ) ) ) | |
| Intervenor Defendant. | ) ) | |

**DECLARATION OF
THERESA M. HANLEY**

I, Theresa M. Hanley, in accordance with the requirements of 28 U.S.C. § 1746, declare:

1. I am over 18 years of age, competent to testify in this case, and have personal knowledge of the matters discussed in this declaration.

2. I am the Acting State Director for the Montana-Dakotas Bureau of Land Management (BLM), I have been employed with BLM in this capacity since January 2, 2022.  Before assuming that role, I was the Montana-Dakotas BLM

Associate State Director in Billings, Montana since November 2019 and have worked for BLM for 30 years in various capacities.

3. In my capacity as the acting Montana State Director, I oversee BLM's preparation of Resource Management Plans (RMPs) in Montana and in particular the Miles City Montana RMP amendment. On August 27, 2020, plaintiffs challenged the BLM's approvals of the Miles City Montana and Buffalo Wyoming RMP amendments.

4. As briefing has proceeded in this case, the BLM has determined that it is appropriate to re-examine the challenged decision and environmental analysis for the Miles City RMP and prepare a new supplemental NEPA analysis for the RMP.

5. I also provide the following information on the RMP's implementation. These two plans had been amended to comply with the Court's order in *W. Org. of Res. Councils v. U.S. Bureau of Land Mgmt.*, No. CV 16-21-GF-BMM, 2018 WL 1475470 (D. Mont. Mar. 26, 2018) (Morris, J.) (appeal dismissed, No. 18-35836, 2019 WL 141346 (9th Cir. Jan. 2, 2019)), which found that in preparing 2015 amendments to the Buffalo and Miles City RMPs BLM improperly relied on coal screens conducted between 1985 and 2001 that did not consider climate-change impacts and failed "to consider any alternative that would decrease the amount of extractable coal available for leasing" and "options that modified or foreclosed the amount of acreage available for coal development" *Id.* at *7–9.

6.      Each plan amendment reduced the allocation of lands open to future leasing by over 30 percent and included analyses of expected greenhouse gas emissions should those lands be leased and mined.  The amendments did not authorize any leasing or approval to mine coal.  Any decision to lease coal in the area would be subject to a second level of environmental assessment under the National Environmental Policy Act (NEPA) when and if an application for leasing is received and processed.  The Office of Surface Mining Reclamation and Enforcement (OSMRE) also ensures NEPA compliance before any lease is mined through its mine plan approval process.  No new coal lease applications have been received in the Miles City RMP planning area since the plan was amended in 2020, and no new federal coal leases have been issued in the Powder River Basin since 2012.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 25th day of February, 2022.

THERESA HANLEY
Digitally signed by THERESA HANLEY
Date: 2022.02.25 08:57:00 -07'00'

_____

Theresa M. Hanley
Acting State Director
Montana-Dakotas
Bureau of Land Management

3