JESSE LASLOVICH
United States Attorney

MARK STEGER SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North
Suite 3200
Billings, MT 59101
Ph: (406) 247-4667
Fax: (406) 657-6058
mark.smith3@usdoj.gov

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

ARWYN CARROLL (MA Bar 675926)
LUTHER L. HAJEK (CO Bar 44303)
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Ph: (202) 305-0465
Fax: (202) 305-0506
arwyn.carroll@usdoj.gov
luke.hajek@usdoj.gov

*Counsel for Federal Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| WESTERN ORGANIZATION OF RESOURCE COUNCILS, *et al.*, | |
| Plaintiffs, | Case No. 4:20-cv-00076-BMM-JTJ |
| v. | **FEDERAL DEFENDANT'S UNOPPOSED MOTION TO AMEND THE COURT'S JUDGMENT TO EXTEND THE TIME FOR COMPLETING ADDITIONAL ANALYSES ON REMAND** |
| U.S. BUREAU OF LAND MANAGEMENT, | |
| Defendant, and | |
| STATE OF WYOMING, | |
| Intervenor Defendant. | |

# INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 59(e), Federal Defendant respectfully requests that the Court amend the judgment to extend the time for the U.S. Bureau of Land Management ("BLM") to complete the additional analyses required by the Court's summary judgment order from twelve months to sixteen months. Twelve months is not a sufficient amount of time for BLM to complete the required coal screening and National Environmental Policy Act ("NEPA") analysis on remand. BLM must go through several steps to complete the required analyses, and it is not possible for BLM to compete all of those steps in the time allowed by the Court. Therefore, Federal Defendant requests that the judgment be amended to allow BLM sixteen months to complete the necessary work on remand. Federal Defendant's counsel has contacted counsel for Plaintiffs Western Organization of Resource Councils *et al.* and counsel for Intervenor Defendant State of Wyoming, and no party opposes this motion.

# BACKGROUND

In 2015, BLM approved two separate resource management plan ("RMP") revisions based on separate final environmental impact statements ("FEIS") for BLM's Buffalo field office in Wyoming and its Miles City field office in Montana. Plaintiffs challenged the two RMP revisions under NEPA. The Court granted summary judgment to plaintiffs on three of their claims, finding that BLM had

1

violated NEPA by failing to: (1) analyze alternatives "that modified or foreclosed the amount of acreage available for coal development"; (2) analyze the "impact on the climate borne by the burning of greenhouse gases" through the "downstream combustion of the coal, oil and gas resources potentially open to development under these RMPs"; and (3) explain the use of a global-warming potential calculated over a 100-year time horizon and consider, in the Buffalo EIS, estimates of global-warming potential over a 20-year period. *W. Org. of Res. Councils v. U.S. Bureau of Land Mgmt.*, No. CV 16-21-GF-BMM, 2018 WL 1475470, at *9, 13, 15–16 (D. Mont. Jul. 31, 2018) (Morris, J.). The Court then ordered BLM to conduct a new coal screening and to prepare supplemental FEISs for the Buffalo RMP and Miles City RMP within a "16-month expedited timeline." *W. Org. of Res. Councils v. U.S. Bureau of Land Mgmt.*, No. CV 16-21-GF-BMM, 2018 WL 9986684, at *1-2 (D. Mont. Jul. 31, 2018) (Morris, J.).

On remand, both the Miles City and Buffalo field offices conducted new coal screens and prepared supplemental NEPA analyses in order to comply with the Court's order and issued new Approved RMP Amendments ("ARMPA"), which were approved in November 2019. Following the Court's decision in a separate case setting aside the Miles City ARMPA under the Federal Vacancies Reform Act, BLM issued a new ROD approving that ARMPA on January 4, 2021. Several of the same environmental groups brought suit challenging the 2019 ARMPAs,

2

alleging violations of NEPA and the Court's prior order. Specifically, Plaintiffs alleged that BLM failed to: (1) consider a reasonable range of coal-leasing alternatives because both ARMPAs considered alternatives that—though differing in the amount of acreage available for leasing—contemplated that the same amount of coal could be developed; and (2) evaluate the downstream effects of non-greenhouse gas ("GHG") emissions from burning that coal.

The parties briefed summary judgment, and after initially moving for summary judgment, Federal Defendant moved for a voluntary remand. *See* ECF Nos. 62 & 63. On August 3, 2022, the Court issued an order denying the motion for remand and granting summary judgment for Plaintiffs. *See* Summ. J. Order, ECF No. 71. The Court found that BLM's analysis violated NEPA and did not comply with the Court's previous order on both counts asserted by plaintiffs. First, the Court concluded that BLM failed to consider a reasonable range of alternatives for coal leasing because each of the two alternatives considered by the Buffalo field office and each of the three alternatives considered by the Miles City field office considered that the same amount of coal would be developed. *Id.* at 13–15. The Court ordered BLM to conduct new coal screens, and to consider a range of alternatives that includes (1) a no coal leasing alternative and (2) an alternative that reduces expansion of existing mines. *Id.* at 14–17, 20. Second, the Court determined that its prior order required BLM to analyze the indirect impacts on air

quality of non-GHG emissions from the downstream combustion of coal, oil, and gas. *Id.* at 17–20. The Court allowed BLM twelve months to complete the required analyses. *Id.* at 20.

## ARGUMENT

Federal Defendants request that the remand period be extended from twelve to sixteen months to allow BLM sufficient time for the agency to conduct the required coal screening and NEPA analyses on remand. Amendment of the Court's Order under Rule 59(e) is appropriate because Federal Defendants did not previously have the opportunity to submit evidence regarding the amount of time it would take to complete the remand. *See Montana Wildlife Fed'n v. Zinke*, No. CV-18-69-GF-BMM, 2019 WL 2300396, at *2 (D. Mont. May 30, 2019) (Morris, J.) (newly discovered evidence is an appropriate basis for a motion to amend a judgment). As discussed below, Federal Defendant believes that sixteen months will be a sufficient amount of time for the agency to complete the required work.

The additional analyses will be conducted by two BLM field offices: the Buffalo Field Office in Wyoming and the Miles City Field Office in Montana. Both field offices estimate that it will take approximately sixteen months to compete the remand. *See* Decl. of Theresa Hanley ¶¶ 12, 15; Decl. of Archuleta Decl. ¶¶ 12, 14. In order to complete the NEPA process, BLM will need to complete a scoping process, prepare a draft supplemental environmental impact

4

statement ("SEIS"), hold a public comment period on the draft SEIS, conduct a governors' consistency review, prepare a final SEIS, and issue final records of decision. *See id.* In addition, all BLM EISs are subject to a departmental clearance process, which involves briefing appropriate BLM officials at each stage of the process. *See* Hanley Decl. ¶ 14; Archuleta Decl. ¶ 13. The approximate steps for completing each state of the process are set forth in charts attached to the Hanley and Archuleta Declarations and are summarized in the chart below.

| Activity | Date |
| --- | --- |
| Preparatory work and procuring a contractor | August 31 to November 8, 2022 (three months) |
| Notice of intent and public scoping | November 10, 2022 to January 3, 2023 (two months) |
| Draft RMP/SEIS | January 3 to March 31, 2023 (three months) |
| Public comment period and responses | March 31 to July 31, 2023 (four months) |
| Proposed RMP/Final SEIS | August 1 to September 13, 2023 (one and a half months) |
| Protest period, governors' consistency review, and record of decision | September 13 to December 3, 2023 (two and a half months) |

The above timeframes are reasonable and consistent with the sixteen month-period that the Court allowed from the prior remand. Accordingly, Federal Defendant requests that the Court's judgment be amended to allow BLM sixteen months to complete the required analyses on remand.

Respectfully submitted this 1st day of September, 2022.

TODD KIM

Assistant Attorney General
Environment & Natural Resources Division

ARWYN CARROLL (MA Bar 675926)
Trial Attorney, Natural Resources Section
United States Department of Justice
Environment and Natural Resources Div.
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: 202-305-0465
Fax: 202-305-0506
arwyn.carroll@usdoj.gov

*/s/ Luther L. Hajek*
LUTHER L. HAJEK (CO Bar 44303)
Trial Attorney, Natural Resources Section
United States Department of Justice
Environment and Natural Resources Div.
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Phone: (303) 844-1376
Fax: (303) 844-1350
luke.hajek@usdoj.gov

JESSE LASLOVICH
United States Attorney

MARK STEGER SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667
Fax: (406) 657-6058
mark.smith3@usdoj.gov

*Counsel for Federal Defendant*